IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WAYNE MILNER et al.,

    Plaintiffs,

vs.                                                                                        CIVIL NO. 98-351 JP/LFG

MERRILL LYNCH PIERCE FENNER & SMITH,

    Defendants.

## INITIAL SCHEDULING ORDER

This cause is assigned to me for scheduling, case management, discovery and other non-dispositive motions. The Federal Rules of Civil Procedure, as amended in 1993, as well as the local rules of the Court shall apply to this lawsuit. Civility and professionalism will be required of counsel. Counsel should read "A Lawyer's Creed of Professionalism of the State Bar of New Mexico."

The parties, appearing through counsel or *pro se*, shall "meet and confer" no later than April 24, 1998 to formulate a provisional discovery plan. Fed. R. Civil. P. 26(f). The time allowed for discovery is generally 120 to 150 days. The provisional discovery plan shall be filed with the Court no later than May 1, 1998.

The parties will cooperate in preparing an Initial Pre-Trial Report (IPTR) which follows the sample IPTR obtainable from the Clerk of the Court.[1] The blanks for dates should not be filled in. Plaintiff, or Defendant in removed cases, is responsible for submitting the IPTR to my chambers by May 1, 1998.

Good cause must be shown and Court approval obtained for any modification of the IPTR schedules.

---

[1] Please contact the Clerk's Office to obtain a copy of the standardized Initial Pre-Trial Report form adopted by Administrative Order dated May 11, 1995, and amended by the Court in May 1997. See Attachment A which contains the amended language concerning pretrial motions.

Initial disclosures under Fed. R. Civ. P. 26(a)(1) shall be made within ten days of the meet-and-confer session.

A telephonic Rule 16 scheduling conference will be conducted on **Wednesday, May 6, 1998**, at **11:00**.  This office will initiate the call.  At the Rule 16 scheduling conference, counsel shall be prepared to discuss discovery needs and scheduling, all claims and defenses, the use of scientific evidence and whether a <u>Daubert</u>[2] hearing is needed, initial disclosures, and the timing of expert disclosures and reports under Fed. R. Civ. P. 26(a)(2).  We shall also discuss settlement prospects and alternative dispute resolution possibilities.  Client participation is not required.

Pre-trial practice in this cause shall be in accordance with the foregoing.

To verify scheduling information prior to the hearing, call the Court Calendaring Service at 248-8112 after 4:30 p.m. for next-day information.  [Judge Garcia's code is 50.]

*[signature]*
LORENZO F. GARCIA
United States Magistrate Judge
P. O. Box 1549 -   Albuquerque, NM  87103
505-248-8039  (FAX 248-8103)

---

[2] <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 113 S.Ct. 2786 (1993).

## Notice to Federal Practitioners

The standard Initial Pretrial Report Form has been revised under the paragraph entitled "Other Pretrial Motions," as follows:

> Motion "packages" containing the original and one copy of <u>all</u> papers relating to a motion (i.e., the motion, response and reply, with any accompanying memoranda or exhibits) as required by D.N.M.LR-Civ. 7.3(5) must be filed with the Court no later than _____. Any pretrial motion "package" filed after the above date shall be considered untimely in the discretion of the Court.

The revised form is available on the Internet at the Federal District Court web site or on disc and hard copy format at the Clerk's Office.

## ATTACHMENT "A"